IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ANDREW MONTELLS, individually and on behalf of all others similarly situated who consent to their inclusion in a collective action,** | Civil Action No. _____ |
| **Plaintiff,** | |
| **vs.** | Jury Trial Demanded |
| **UNLIMITED LANDSCAPING & TURF MANAGEMENT, INC. and KEVIN SCOTT WHITEHEAD,** | |
| **Defendants.** | |

# COMPLAINT

Plaintiff David J. Montells ("Montells"), individually and on behalf of all others similarly situated who consent to their inclusion in a collective action, brings this Complaint against Unlimited Landscaping & Turf Management, Inc. ("Unlimited") and Kevin Scott Whitehead ("Whitehead") (jointly "Defendants"), and shows the Court as follows:

*Introduction*

1.

In this FLSA overtime action, Plaintiff Montells seeks due but unpaid overtime wages under Sections 7 and 16 of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.) both on his own behalf and on behalf of other similarly situated employees and former employees of Defendants Unlimited and Whitehead.

2.

Plaintiff asks this Court to certify a collective of similarly situated individuals, to wit, all laborers who worked for Unlimited within the three years prior to the filing of this Complaint and who consent in writing to their inclusion in a collective action.

3.

Montells' Consent to Serve as a Plaintiff Representative in this FLSA action is filed herewith as Exhibit "A".

4.

Montells requests collective relief because all other Unlimited laborers were treated in a similar manner with respect to their compensation.

***Jurisdiction and Venue***

5.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C. § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

6.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Unlimited's principal place of business is located in this judicial district, Montells resides in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

***The Parties***

7.

Montells resides in Hall County, Georgia.

8.

At all times material hereto, Defendants have jointly operated a landscaping company whose principal place of business is located at 5209 Palmero Court, Buford, Gwinnett County, Georgia 30518.

9.

Unlimited is a corporation organized under the laws of the State of Georgia.

10.

Unlimited can be served via its registered agent Kevin Scott Whitehead at 2242

Crimson King Drive, Gwinnett County, Braselton, GA, 30517.

11.

Unlimited is subject to the personal jurisdiction of this Court.

12.

Whitehead is a resident of Gwinnett County, Georgia.

13.

Whitehead is subject to the personal jurisdiction of this Court.

14.

Whitehead is the CEO, CFO, Secretary, and Registered Agent of Unlimited.

15.

Whitehead can be served with process at his residence or wherever he can be

found.

*Enterprise Coverage*

16.

At all times material hereto, Unlimited has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

17.

At all times material hereto, two or more employees of Unlimited, including Montells, used or handled the following items that moved in interstate commerce that are necessary for performing its commercial purpose: trucks, gasoline, engine oil, cell phones, computers, and landscaping equipment.

18.

In 2013, Unlimited had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

19.

In 2014, Unlimited had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

20.

In 2015, Unlimited had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

21.

In 2016, Unlimited had two or more "employees engaged in commerce" as defined
by 29 U.S.C. § 203(s)(1)(A).

22.

During 2013, Unlimited had two or more "employees handling, selling or
otherwise working on goods or materials that have been moved in or produced for
commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2014, Unlimited had two or more "employees handling, selling or
otherwise working on goods or materials that have been moved in or produced for
commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

24.

During 2015, Unlimited had two or more "employees handling, selling or
otherwise working on goods or materials that have been moved in or produced for
commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

25.

During 2016, Unlimited had two or more "employees handling, selling or
otherwise working on goods or materials that have been moved in or produced for
commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

26.

During 2013, Unlimited had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

During 2014, Unlimited had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

During 2015, Unlimited had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

During 2016, Unlimited had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

At all times material hereto, Unlimited has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

### *Statutory Employer Allegations*

31.

Montells worked for Unlimited as a laborer from approximately August 24, 2015 through early-June 2016.

32.

At all times material hereto, Unlimited was an "employer" of Montells as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

33.

At all times material hereto Montells was an "employee" of Unlimited as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

34.

At all times material hereto, Whitehead exercised control over the work activities of Montells.

35.

At all times material hereto, Whitehead was involved in the day-to-day operation of Unlimited.

36.

At all times material hereto, Unlimited vested Whitehead with supervisory authority over Montells.

37.

At all times material hereto, Whitehead exercised supervisory authority over Montells.

38.

At all times material hereto, Whitehead scheduled Montells' working hours or supervised the scheduling of Montells' working hours.

39.

At all times material hereto, Whitehead exercised authority and supervision over Montells' compensation.

40.

At all times material hereto, Whitehead was an "employer" of Montells as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

41.

At all times material hereto, Montells was an "employee" of Whitehead as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

## COMMON FACTUAL ALLEGATIONS

42.

At all times material hereto, Montells was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

43.

At all times material hereto, Unlimited did not employ Montells in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

44.

At all times material hereto, Unlimited did not employ Montells in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

45.

At all times material hereto, Unlimited did not employ Montells in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

46.

At all times material hereto, Unlimited did not employ Montells in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

47.

At all times material hereto, Montells was paid on an hourly basis.

48.

At all times material hereto, Montells and all other Unlimited laborers regularly worked more than 40 hours per week.

49.

At all times material hereto, Defendants paid Montells and all other Unlimited laborers their regular hourly rate for all hours worked, regardless of the number of hours worked per week.

50.

At all times material hereto, Defendants auto-deducted meal breaks from the paychecks of Montells and all other Unlimited laborers, regardless of whether they in fact took any break.

51.

At all times material hereto, Montells and all other Unlimited laborers regularly worked through the time periods allotted for meal breaks.

52.

At all times material hereto, Defendants were aware that Montells and all other Unlimited laborers regularly worked through the time periods allotted for meal breaks.

53.

At all times material hereto, Defendants failed to compensate Montells and all other Unlimited laborers for time spent travelling to, from, and between job sites.

54.

The workweeks that Montells worked more than 40 hours per week include, but are not limited to, those workweeks ending on August 6, 2015; August 30, 2015; September 20, 2015; and October 11, 2015.

55.

During each applicable pay period, Defendants failed to pay their laborers, including Montells, one-and-one-half times their regular rate for work performed in excess of 40 hours in a single workweek.

## COUNT I — FAILURE TO PAY OVERTIME

56.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

57.

At all times material hereto, Montells was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

58.

During his employment with Defendants, Montells regularly worked in excess of 40 hours each week.

59.

Defendants failed to pay Montells at one-and-one-half times his regular rate for work in excess of 40 hours in any week during the entire period of his employment.

60.

Montells is entitled to payment of overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

61.

As a result of the underpayment of overtime compensation as alleged above,

Montells is entitled to liquidated damages in accordance with FLSA § 16(b), 29

U.S.C. § 216(b).

62.

As a result of the underpayment of overtime compensation as alleged above,

Montells is entitled to his litigation costs, including his reasonable attorney's fees,

in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II – COLLECTIVE ACTION ALLEGATIONS

63.

The allegations in all previous paragraphs are incorporated by reference as if fully

set out in this paragraph.

64.

At all times during the three years prior to the filing of this Complaint, Defendants

have violated 29 U.S.C. § 207 by failing to pay overtime wages to all laborers who

worked for Unlimited.

65.

At all times during the three years prior to the filing of this Complaint, Defendants have violated 29 U.S.C. § 207 by failing to pay overtime wages to all Unlimited laborers in the same manner as alleged above with respect to Montells.

66.

All laborers who have worked for Defendants within the three years prior to the filing of this action are "similarly situated" to Montells within the meaning of FLSA § 16 (b), 29 U.S.C. § 216(b).

67.

Defendants are liable pursuant to 29 U.S.C. § 201 *et seq.* to all individuals similarly situated to Montells for unpaid overtime wages, attorney's fees and costs of litigation, and other such equitable and legal relief that this Court finds proper.

68.

The proposed collective of individuals similarly situated to Montells should be defined as "All individuals who were employed as laborers by Unlimited Landscaping & Turf Management, Inc. at any time from June 30, 2013 through the present who have not received overtime premium compensation for hours worked over 40 in a single workweek."

69.

All such individuals similarly situated to Montells would benefit from the issuance

of a Court supervised Notice of Present Lawsuit and opportunity to consent in

writing to their inclusion as plaintiffs in this lawsuit pursuant to 29 U.S.C.

§ 216(b).

70.

All such individuals similarly situated to Montells are known to Defendants, are

readily identifiable, and can be located through the records of Defendants.

WHEREFORE, Plaintiff respectfully prays:

1.    That Plaintiff's claims be tried before a jury;

2.    That Plaintiff be awarded an amount to be determined at trial against

      Defendants in unpaid overtime wages due under the FLSA, plus an

      additional like amount in liquidated damages;

3.    That Plaintiff be awarded his costs of litigation, including his reasonable

      attorneys' fees from Defendants;

4.    That the Court issue a Notice of Present Lawsuit to all individuals similarly

      situated to Plaintiff, allowing all such similarly-situated individuals to file

      their written consent to join this action as Plaintiff;

5.    For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC**

|                                          |                                     |
| ---------------------------------------- | ----------------------------------- |
|                                          | */s/Charles R. Bridgers*            |
| 3100 Centennial Tower                    | Charles R. Bridgers                 |
| 101 Marietta Street                      | Ga. Bar No. 080791                  |
| Atlanta, Georgia 30303                   | Kevin D. Fitzpatrick, Jr.           |
| (404) 979-3171                           | Ga. Bar No. 262375                  |
| (404) 979-3170 (f)                       | Matthew W. Herrington               |
| charlesbridgers@dcbflegal.com            | Ga. Bar No. 275411                  |
| kevin.fitzpatrick@dcbflegal.com          |                                     |
| matthew.herrington@dcbflegal.com         | **Counsel for Plaintiff**           |